IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EARL BAILEY, | § | |
| | § | |
| Plaintiff, | § | No. 6:15-cv-1137 MHS-JDL |
| v. | § | JURY DEMANDED |
| | § | |
| DALLAS COUNTY SCHOOLS, et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Dallas County Schools ("DCS"), Dennis Johnson, Janice Smith, Aaron Hobbs, and Roosevelt Armstrong's ("Defendants") Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a). (Doc. No. 12.) Plaintiff Earl Bailey ("Plaintiff") filed a response (Doc. No. 15), to which Defendants filed a reply (Doc. No. 16). Upon consideration of the parties' arguments, the Court **GRANTS** Defendants' Motion to Transfer Venue (Doc. No. 12).

## BACKGROUND

On December 4, 2015, Plaintiff Earl Bailey filed the instant action against Dallas County Schools, Dennis Johnson, Janice Smith, Aaron Hobbs, and Roosevelt Armstrong, and other unknown supervisors. (Doc. No. 1.) Specifically, Plaintiffs allegations in his complaint arise under Title VII of the Civil Rights Act of 1964 for employment discrimination while he was employed with DCS. (Doc. No. 1, at 1.) According to the complaint, Plaintiff currently resides in Tyler, Texas at 8823 West 28th Street, Tyler, Texas 75702. (Doc. No. 1, at 1.) Defendants Dennis Johnson, Janice Smith, Aaron Hobbs, and Roosevelt Armstrong are all employees of DCS and

1

work or reside in Dallas County, and DCS is located within the Dallas Division of the Northern District of Texas. (Doc. No. 12, at 2.) Accordingly, Defendants collectively brought a motion to transfer this case to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. §1404(a).

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)

("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203. A civil action brought pursuant to 42 U.S.C. § 2000e, *et seq*. may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice…" 42 U.S.C. § 2000e-5(f)(3). In this case, Plaintiff alleges that the act of unlawful termination occurred in Dallas County while he worked for the Dallas County Schools, and Defendants maintain that the relevant employment records are located in Dallas, Texas. Accordingly, transfer to the Northern District of Texas is permissible under § 1404.

**I.     The Private Interest Factors**

*(a) The Relative Ease of Access to Sources of Proof*

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. Here, Defendants contend that this factor weighs heavily in favor of transfer because all of the pertinent records and documents in this case are Plaintiff's employment records located with DCS located in Dallas County, Texas. (Doc. No. 12, at 6.) Additionally, Defendants assert that all potential witnesses are located in the

3

Dallas Division of the Northern District of Texas. *Id.* Defendants have submitted an affidavit from Ray Lanoux, Director for Risk/Emergency Management for Dallas County Schools, who attests that "[a]ll records associated with Earl Bailey's employment" are located "in Dallas County, Texas," and "[a]ll employees of Dallas County Schools referenced by Earl Bailey in the above-styled cause are located in, and their interactions with him, occurred in Dallas County, Texas." (Doc. No. 12 (Affidavit of Ray Lanoux), at ¶¶ 5, 6).) While Defendants do not specifically identify the potential witnesses; here, at least Defendants Dennis Johnson, Janice Smith, Aaron Hobbs, and Roosevelt Armstrong, and DCS are all located in Dallas County, Texas. *Id*. at ¶ 6.

In his response, Plaintiff does not identify any documents or witnesses in this District. Of course, Plaintiff is located in this District, where he currently resides. Plaintiff also filed a notice in response to this motion (Doc. No. 17) that indicates he was "lookin[g] over some paper work" that contains information relevant to his claims, but it is unclear what that paper work is or where it is located. Here, the bulk of the evidence identified is located in Dallas County, Texas. As such, the Court finds that this factor weighs in favor of transfer.

*(b)The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at 316. Here, neither Defendants nor Plaintiff identify any third-party witnesses who might be subject to either court's subpoena power. Accordingly, this factor is neutral.

*(c) The Cost of Attendance for Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which provides that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I,* 371 F.3d at 204–05.

While the exact location of all witnesses is not identified, the door to door distance from this courthouse to the Dallas Division of the Northern District of Texas is just under 100 miles. Thus, the greater significance implicated by the 100 mile rule is not applicable. The Court appreciates that Mr. Bailey will be more greatly inconvenienced by having to proceed with his case in Dallas, Texas, as he currently resides in Tyler, Texas. However, as discussed above, because the majority of witnesses identified are located in Dallas County, Texas, and would therefore be inconvenienced by a trial in Tyler, Texas, this factor weighs slightly in favor of transfer.

*(d) Other Practical Problems*

The parties identify no other practical problems that would exist by the transfer of or refusal of transfer of this case. Accordingly, this factor is neutral.

## II.     The Public Interest Factors

As to the public interest factors, Defendants only identify the local interest factor as an applicable consideration in this case.

*(b) The Local Interest in Having Localized Interests Decided at Home*

5

Defendants contend that the Northern District of Texas has a localized interest in this dispute because the alleged incident occurred in Dallas County and it involves the "administration of educational programs located within Dallas County." (Doc. No. 12, at 7.) Conversely, Defendants maintain that the citizens of Tyler, Texas will have no vested interest in the adjudication of this dispute which involves the personnel decisions of DCS. *Id.* at 8.

Plaintiff does not identify a local interest this District has in this action. Plaintiff contends that he feels he would get an unfair trial in Dallas, Texas, and that he would like to be on "neutral ground" in Tyler, Texas. (Doc. No. 15, at 1.) While the Court understands Mr. Bailey's concerns, there is no indication in the record that a trial in Dallas, Texas would be biased or unfair to Plaintiff. Ultimately, Mr. Bailey's concerns do not outweigh the local interest of the Northern District in seeing that educational programs in that district comply with federal law prohibiting discrimination.

On balance, this factor weighs in favor of transfer because Defendants have identified a local interest of the Northern District of Texas, while none has been identified for the Eastern District of Texas.

 *(d) The Remaining Public Interest Factors*

The remaining public interest factors are inapplicable or neutral.

## CONCLUSION

Upon balancing the venue factors, the Court finds that the Northern District of Texas is a clearly more convenient forum. Here, the location of sources of proof and the local interest weigh in favor of transfer, while the convenience of willing witnesses weighs slightly in favor of transfer.  All other factors are neutral. Accordingly, the Court **GRANTS** Defendants' Motion to Transfer to the Dallas Division of the Northern District of Texas (Doc. No. 12)**.**

**So ORDERED and SIGNED this 26th day of May, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE