**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EARL BAILEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-1642-M** |
| | § | |
| **DALLAS COUNTY SCHOOLS,** | § | |
| **DENNIS JOHNSON, JANICE SMITH,** | § | |
| **AARON HOBBS, and ROOSEVELT** | § | |
| **ARMSTRONG,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for full case

management.  Before the Court for recommendation is *Defendants' Motion to Dismiss Pursuant to*

*Rule 12(b)(1) or 12(b)(6)*, filed July 1, 2016 (doc. 23).  Based upon the relevant filings and applicable

law, the motion should be **GRANTED.**

**I. BACKGROUND**

On December 4, 2015, Earl Bailey (Plaintiff) filed this *pro se* case against Dallas County

Schools and its personnel (collectively Defendants) in the Eastern District of Texas, specifically

alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964.  (*See*

doc. 1.)[1] He claims that he was "forced to resign" from his position as a bus driver with Dallas County

Schools in February 2013 after his manager, Roosevelt Armstrong[2] (Armstrong), told him that he was

not "running his route right."  (*Id.* at 8.)[3]  Because Armstrong and the bus dispatcher contended that

---

[1]  A motion to transfer venue to the Northern District of Texas was granted on May 26, 2016.  (doc. 18.)

[2]  Plaintiff identifies Armstrong as his manager and supervisor (doc. 1 at 7-8), while the motion to dismiss identifies him as the superintendent (doc. 24 at 2).  Both parties agree that he was an employee and agent of Dallas County Schools.  (*See* docs. 1, 24.)

[3]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff threatened Armstrong during their interaction, Plaintiff was asked about this conversation by Assistant Superintendent Aaron Hobbs (Hobbs) and Plaintiff's supervisor, Janice Smith (Smith).  (*Id.*) He denied making any threatening remarks but was allegedly "railroaded" by Smith, Hobbs, and Armstrong into resigning.  (*Id.* at 9.)  He also claims that the area director, Dennis Johnson (Johnson), "did not handle [his] case right and forced [him] to resign."  (*Id.* at 8.)  Plaintiff appears to allege that his "forced" resignation was motivated by his "health problems for which [he] takes medication" including "cancer, nerve condition, and anxiety."  (doc. 1 at 8-9.)  He does not allege that he filed a complaint with the Equal Employment Opportunity Commission (EEOC) or that he received a "right to sue" letter.

On July 1, 2016, Defendants moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, and alternatively, under Rule 12(b)(6) for failure to state a claim.  (doc. 23.)  With a timely-filed response and reply, this motion is ripe for consideration.  (docs. 26, 27.)

## II.  RULE 12(b)(1)

Defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction based on the failure to exhaust administrative remedies.  (doc. 24 at 4-5.)

## A.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Such a motion "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  The dismissal "is not a determination of the merits," however, and "it does not

prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

A district court may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc).   A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).   "If sufficient, those allegations alone provide jurisdiction." *Id*.   When evidence is presented with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413.   In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.   A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendants rely solely on the complaint to support their motion to dismiss, so they present a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

**B.**   <u>**Title VII**</u>

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color,

religion, sex, or national origin." 42 U.S.C. § 2000e–2(a).  Before an individual can pursue a Title VII

claim in federal court, he must exhaust his available administrative remedies.  *Taylor v. Books A*

*Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  This typically means that the complainant must

first file the charge with the EEOC within 180 days after the alleged unlawful practice occurred.  *See*

42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n. 1 (2002).  In a

"deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act.

*Martin v. Lennox Int'l Inc*., 342 F. App'x 15, 18 (5th Cir. 2009) (per curiam).

The Fifth Circuit recognizes there is a split in the circuit on "whether a Title-VII prerequisite,

such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether

it is a requirement that implicates subject matter jurisdiction."  *Pacheco v. Mineta*, 448 F.3d 783, 788

n.7 (5th Cir. 2006); *see also Baker v. McHugh*, No. 15-41439, 2016 WL 7046615 at *3 (5th Cir. Dec.

2, 2016) (per curiam).  While both the Supreme Court and the Fifth Circuit sitting en banc have held

that the EEOC filing deadlines are not jurisdictional, neither has decided the issue of whether

exhaustion is a jurisdictional prerequisite or merely a condition precedent to suit.  *See id.* (citing *Zipes*

*v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Coke v. Gen. Adjustment Bureau*, 640 F.2d

584, 595 (5th Cir. 1981)).  Different Fifth Circuit panels have reached differing conclusions on the

issue. *Compare, e.g., Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("It is the well-settled

law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter

jurisdiction.") *with Young v. City of Houston*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the

EEOC prerequisite does not rob a court of jurisdiction.").  Based on the rule in this circuit that "one

panel may not overrule the decision—right or wrong—of a prior panel, absent en banc reconsideration

or a superseding contrary decision of the Supreme Court,"  *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir.

1991), exhaustion is a condition precedent rather than a jurisdictional prerequisite to maintaining a Title VII action.[4] *Gates v. City of Dallas, Tex.*, No. 3:96-CV-2198-D, 1997 WL 405144 at *1 (N.D. Tex. July 15, 1997) (citing *Sanchez*, 431 F.2d at 460); *see also Carter v. Burlington N. Santa Fe LLC*, No. 4:15-CV-366-O, 2015 WL 11022766 at *3 (N.D. Tex. Oct. 9, 2015) (citing *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014)).

When the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1). *See id.*; *see also Mishra v. Bank of America*, No. 3:14-CV-1521-M, 2016 WL 944133 at *6 (N.D. Tex. Feb. 16, 2016), *adopted by*, 2016 WL 1060311 (N.D. Tex. Mar. 11, 2016) (explaining that the timely filing and exhaustion of an EEOC charge is a condition precedent to bringing suit on an employment discrimination claim under Title VII). Defendants' motion to dismiss Plaintiff's claims under Rule 12(b)(1) will therefore be considered under Rule 12(b)(6).

## III.  RULE 12(b)(6)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not

---

[4] Exhaustion of administrative remedies in the ADA context is similarly a condition precedent rather than a jurisdictional prerequisite to suit. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *see also Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:15-CV-1413-B, 2015 WL 9269416 at *4 (N.D. Tex. Dec. 21, 2015).

5

mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

## A.    Failure to Exhaust Administrative Remedies

Dallas County Schools moves to dismiss Plaintiff's Title VII claim based on the failure to exhaust administrative remedies. (doc. 24 at 4-5.)

Before an individual can pursue a Title VII claim in federal court, he must exhaust his

available administrative remedies by filing a charge with the EEOC.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  If a plaintiff files a charge with the EEOC, the scope of a subsequent judicial complaint is limited to the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge."  *Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).  This reasonable expectation rule requires that the allegations in a subsequent judicial complaint be "like or related to" allegations made in the EEOC charge.  *See Vuyanich v. Republic Nat'l Bank of Dallas*, 723 F.2d 1195, 1201 (5th Cir. 1984).

Here, Plaintiff fails to allege that he exhausted his administrative remedies under Title VII by filing a complaint with the EEOC or to address or controvert this argument in his response to the motion to dismiss.  (*See* docs. 1, 26.)  Because he failed to exhaust his administrative remedies, his Title VII claims against Dallas County Schools should be dismissed.  *See Baker*, 2016 WL 7046615 at *3.[5]

## B.    Individual Liabilty

Johnson, Smith, Hobbs, and Armstrong contend that dismissal of Plaintiff's claims against them is proper under Rule 12(b)(6) because Title VII does not allow them to be held individually liable.  (doc. 24 at 6-7.)

Title VII imposes liability upon employers who violate its provisions.  *Harvey v. Blake*, 913

---

[5] Plaintiff's allegations of employment discrimination based on his health implicate the Americans with Disabilities Act (ADA), which prohibits a covered entity from discriminating against a qualified individual with a disability because of that disability.  42 U.S.C. § 12112(a).  Before filing suit against an employer for a violation of the ADA, an employee must comply with the ADA's administrative prerequisites.  *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *see also Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:15-CV-1413-B, 2015 WL 9269416 at *4 (N.D. Tex. Dec. 21, 2015).  The ADA incorporates by reference the procedures applicable to actions under Title VII, including the requirement that a plaintiff must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unemployment practice, and receive a "right to sue" letter before filing suit.  *See Dao*, 96 F.3d at 789 (citing 42 U.S.C. §§ 12117(a), 2000e-5(e)(1)).  To the extent that Plaintiff's complaint may liberally construed as alleging an ADA claim, it is also subject to dismissal for failure to exhaust administrative remedies.  *See Zavala*, 2015 WL 9269416 at *4.

F.2d 226, 227-28 (5th Cir. 1990).  The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b).  Congress defined the term "employer" in Title VII to include "any agent" of an employer in order to incorporate *respondeat superior* liability.  *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (citing 42 U.S.C.§ 2000e(b)).  Title VII actions may therefore be brought against the "employer" or a supervisor or agent of the employer in his official capacity.  *Lewis v. Hardy*, 248 F. App'x 589, 592-93 (5th Cir. 2007) (per curiam) (citing *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998)).  A Title VII suit against an agent of an employer in an official capacity is actually a suit against the employer.  *See Indest*, 164 F.3d at 262.  Because the employer ultimately bears responsibility for the liability of an agent through Title VII's incorporation of *respondeat superior* liability, an action against both the employer and the agent would be redundant in that the employer could be held liable twice for the same act.  *Id*.  A plaintiff may therefore not maintain a Title VII suit against both an employer and its agent.  *Id*.  Regardless of whether a plaintiff sues an agent in an official or individual capacity, Title VII does not provide for individual liability against the agent.[6]  *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

Here, Plaintiff asserts the same Title VII claims against both Dallas County Schools and its personnel, including Hobbs, Johnson, Armstrong, and Smith.  (*See* doc. 1 at 8.)  Because all of these individuals are agents of Dallas County Schools, Plaintiff cannot maintain an action against both his

---

[6]  Individual liability is similarly precluded in the ADA context.  *See Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) (collecting cases); *see also Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (holding that "due to the similarity in the definitions of 'employers' under Title VII, the ADEA, and the ADA . . . that personal capacity suits are likewise prohibited under the ADA").

employer and its agents.  *See Indest*, 164 F.3d at 262.  Any Title VII claims against them in their individual capacities are not cognizable under Fifth Circuit law.  *See Smith*, 298 F.3d at 448. Accordingly, Plaintiff's Title VII claims against the individual defendants should be dismissed for failure to state a claim upon which relief can be granted.

## IV.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court.  *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this action.  Nevertheless, his Title VII and any ADA claims are fatally defective because he is unable to allege facts that establish a condition precedent to his suit, namely exhausting his administrative remedies by filing a complaint with the EEOC.  Moreover, his claims against Johnson, Smith, Hobbs, and Armstrong are premised upon an incorrect legal theory because they cannot be held individually liable under Title VII or the ADA.  Because these defects cannot be rectified by amendment, granting leave to amend would be futile and cause needless delay.

## V.   RECOMMENDATION

The motion to dismiss Plaintiff's complaint should be **GRANTED**.  Plaintiff's claims against Dallas County Schools should be dismissed without prejudice[7] for failure to exhaust administrative remedies, and Plaintiff's claims against Johnson, Smith, Hobbs, and Armstrong should be dismissed with prejudice for failure to state a claim.

**SO RECOMMENDED** on this 9th day of December, 2016.

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice. *Csorba v. Varo, Inc.*, 58 F.3d 636 n.2 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). However, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).