IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARL BAILEY, Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-1642-M** |
| | § | |
| **DALLAS COUNTY SCHOOLS, DENNIS JOHNSON, JANICE SMITH, AARON HOBBS and ROOSEVELT ARMSTRONG, Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court is the plaintiff's request to reopen his case, filed February 7, 2017 (doc. 35). Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

On December 4, 2015, Earl Bailey (Plaintiff) filed this *pro se* case against Dallas County Schools and some of its personnel (collectively Defendants) in the Eastern District of Texas, specifically alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964. (*See* doc. 1.)[1] He claimed that he was "forced to resign" from his position as a bus driver with Dallas County Schools in February 2013, after his manager told him that he was not "running his route right." (*Id*. at 8.)[2] He appeared to allege that his "forced" resignation was motivated by his "health problems for which [he] takes medication" including "cancer, nerve condition, and anxiety." (doc. 1 at 8-9.) Defendants moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, and alternatively, under Rule 12(b)(6) for failure to state a claim. (doc. 23.) On January

[1] A motion to transfer venue to the Northern District of Texas was granted on May 26, 2016. (doc. 18.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

4, 2017, Court dismissed the claims against Dallas County Schools without prejudice for failure to exhaust administrative remedies, and dismissed the claims against the individual defendants with prejudice for failure to state a claim. (docs. 29, 31, 32.) Plaintiff now seeks to reopen his case because he feels that he has "been railroaded." (doc. 35.) His one-paragraph motion notes that he had been a driver for Dallas County Schools for more than 30 years and had never had problems, and he asks for his case to be reviewed one more time. (*Id.*)

**II. RULE 60(b)**

Plaintiff's request to reopen his case may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

Plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*,

281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Plaintiff complains that he has "been railroaded," and he notes that he was a driver for Dallas County Schools for more than 30 years and had never had problems. (doc. 35.) He has not alleged extraordinary circumstances such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*.

## III. RECOMMENDATION

Plaintiff's motion to reopen his case should be **DENIED**.

**SO RECOMMENDED** on this 9th day of February, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE